## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re: Nu Style Landscape & Development, LLC<br>Debtor. | Case No. 23-14475-TBM<br><br>Chapter 11 |

## BIDDING PROCEDURES

**INTRODUCTION**.

On October 2, 2023, Nu Style Landscape & Development, LLC (the "**Debtor**") commenced the above-captioned voluntary chapter 11 case (the "**Case**") in the United States Bankruptcy Court for the District of Colorado (the "**Court**").  The Debtor filed, and the Court approved, the Debtor's motion for an *Order (A) Establishing Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (B) Authorizing the Debtor to Designate a Stalking Horse Bidder and Grant Certain Inducements as part of a Stalking Horse Agreement, (C) Establishing Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of Related Notices, (E) Scheduling a Hearing to Consider the Proposed Sale Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (F) Granting Other Related Relief*[1] (the "**Bidding Procedures Order**").

Pursuant to the Bidding Procedures Order, the Debtor and its advisors are authorized to conduct the Sale and solicit bids for all manner of transactions that the Debtor believes will maximize value in this Case, including, without limitation, one or more transactions for the Sale of substantially all of the Debtor's assets or any portion thereof (such assets to be acquired, the "**Assets**" and such a bid, a "**Bid**").  The Bidding Procedures Order and these bidding procedures (the "**Bidding Procedures**") shall govern the solicitation, submission, receipt, consideration and analysis of all such Bids. Any party desiring to submit a Bid shall comply with the Bidding Procedures and the terms of the Bidding Procedures Order in all respects.

**ANY PARTY INTERESTED IN SUBMITTING A BID OR SERVING AS THE STALKING HORSE BIDDER SHOULD CONTACT THE DEBTOR'S ADVISORS WITH ANY QUESTIONS:**

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

Michael Best & Friedrich LLP            Michael Best & Friedrich, LLP
Justin M. Mertz, Esq.                   Jeffrey A. Weinman, Esq.
790 N. Water Street, Suite 2500         675 15th Street, Suite 2000
Milwaukee, WI 53202                     Denver, CO 80202
jmmertz@michaelbest.com                 jeffrey.weinman@michaelbest.com
Tel: 414.225.4972                       Tel : 720.245.2423

**SALE PROCESS TIMELINE SUMMARY**.

| Event | Date |
| --- | --- |
| Deadline to serve Bidding Procedures and Sale Notice | Within 2 business days following entry of the Bidding Procedures Order |
| Deadline to serve Notice of Assumption and Assignment | Within 5 business days following entry of the Bidding Procedures Order |
| Deadline for Debtor to Designate any Stalking Horse Bidder | March [30], 2026 |
| Bid Deadline | April [6], 2026 |
| ("Cure Cost/Assignment Objection Deadline")[2] | April [6], 2026 |
| Deadline for Debtor to Designate Qualified Bids and Opening Bid | April [10], 2026 |
| Auction (If Necessary) | April [13], 2026, at 10:00 a.m. MST |
| Deadline to File and Serve Notice of Successful Bidder | April [13] or upon conclusion of the Auction |
| Sale Objection Deadline | April [20], 2026 at 5:00 p.m. MST |
| Sale Hearing | April [**], 2022, at [_] MST |
| Sale Closing | May [13], 2026 |

**FORM ASSET PURCHASE AGREEMENT**.

The Debtor has prepared a form of Asset Purchase Agreement (the "**APA**"), to be used in acquiring the Assets.  The Debtor intends to provide copies of the APA to all parties who express interest in submitting a Bid. Pursuant to the APA, the Successful Bidder shall acquire the Assets **free and clear of any and all liens, claims, encumbrances, and interests** to the maximum extent permitted by section 363 of the Bankruptcy Code, with such interests to attach to the net proceeds of the Sale of the Assets with the same validity and priority as such interests applied against the Assets.

---

[2] The Cure Cost/Assignment Objection Deadline applies to all objections to the assumption and assignment of the Assigned Contracts, with the exception of objections related to adequate assurance of future performance by a Successful Bidder, which are due 14 days after the Sale Hearing.

2

**STALKING HORSE BIDDER**.

At any time on or prior to March [30], 2026, the Debtor is authorized (but not required) to negotiate with any interested party and designate such party as an initial stalking horse bidder (the "**Stalking Horse Bidder**") for all or a portion of the Assets on commercially reasonable terms to be agreed upon by the parties pursuant to a binding asset purchase agreement (the "**Stalking Horse Agreement**"). In the Debtor's discretion, the Stalking Horse Agreement may contain any or all of the following stalking horse protections as inducements (the "**Stalking Horse Inducements**"): (i) a breakup fee of up to three percent (3%) of the cash portion of the purchase price, plus (ii) expense reimbursement of such Stalking Horse Bidder's reasonable and documented out of pocket fees and expenses incurred up to a maximum of two percent (2%) of the cash portion of the purchase price, plus (iii) any reasonable non-monetary requests that the Debtor is willing an able to abide by prior to the Auction and/or Sale Hearing that are not otherwise inconsistent with these Bidding Procedures.

To the extent the Debtor designates one or more Stalking Horse Bidders, the Debtor shall file and serve a notice to interested parties of such Stalking Horse Agreement including the name of the Stalking Horse Bidder, a description of the Stalking Horse Inducements, the purchase price, together with a copy of the Stalking Horse Agreement.

**PARTICIPATION REQUIREMENTS.**

*Potential Bidders*. To participate in the bidding process or otherwise be considered for any purpose hereunder, a person or entity interested in the Assets or part of the Assets (a "**Potential Bidder**") must deliver to each of the Debtor's advisors the following documents and information (collectively, the "**Preliminary Bid Documents**") on or before submission of any Qualified Bid (defined herein):

(i) an executed confidentiality agreement on terms reasonably acceptable to the Debtor (a "**Confidentiality Agreement**"), if not previously executed or otherwise no longer binding;

(ii) proof by the Potential Bidder of its capacity to close a proposed transaction for the sale or disposition (the "**Sale**") of some or all of the Debtor's Assets, which may include audited financial statements of, or verified financial commitments obtained by, the Potential Bidder;

(iii) a non-binding preliminary indication of the cash purchase price in U.S. Dollars or other consideration that the Potential Bidder is prepared to pay or deliver in exchange for the acquisition of some or all of the Assets.

*Obtaining Due Diligence.* The Debtor and its advisors will determine and notify each Potential Bidder whether such Potential Bidder has submitted adequate Preliminary Bid Documents so that such Potential Bidder may submit a Bid (each, an

"**Acceptable Bidder**", and each such bid, an "**Acceptable Bid**"). Notwithstanding anything herein to the contrary, the Debtor reserves the right to work with Potential Bidders to aggregate bids into a consolidated Acceptable Bid, or otherwise improve bids to be Acceptable Bids, prior to the Bid Deadline (defined herein). Any Stalking Horse Bidder shall be deemed an Acceptable Bidder, and the bid as set forth in any Stalking Horse Agreement, an Acceptable Bid. Only Acceptable Bidders shall be eligible to receive due diligence information and access to the Debtor's electronic data room and to additional non-public information regarding the Debtor, the Debtor's business, and the Assets. The Debtor and its advisors shall coordinate all reasonable requests from Acceptable Bidders for additional information and due diligence access. The due diligence period will end on the Bid Deadline. The Debtor and its advisors are not responsible for, and will bear no liability with respect to, any information obtained by any Acceptable Bidder.

*No Collusion.* There may not be any communications between or among Acceptable Bidders regarding the Debtor, the Debtor's business, or the Assets unless the Debtor has previously authorized such communication in writing. For the avoidance of doubt, nothing in this provision is intended to preclude multiple persons or entities from communicating with one another prior to becoming Acceptable Bidders in connection with establishing any joint venture or similar arrangement for the purpose of submitting a Bid or Bids in accordance with these Bidding Procedures.

## REQUIREMENTS FOR QUALIFIED BIDS.

A Bid will be considered a qualified Bid only if the Bid is submitted in writing by an Acceptable Bidder, by the Bid Deadline, and is deemed to comply with all of the following in the Debtor's business judgment (a "**Qualified Bid**," and such bidder a "**Qualified Bidder**"), provided that any Stalking Horse Bidder designated in accordance with the Bidding Procedures Order shall be deemed a Qualified Bidder:

*Purpose.* Each Qualified Bidder submitting a Bid must state that the Bid includes an irrevocable and binding offer by the Qualified Bidder to purchase some or all of the Assets (identified with specificity) and specify the Debtor's liabilities and/or contracts that the Qualified Bidder seeks to assume.

*Assets and Liabilities.* The Bid must clearly identify the following: (a) the Assets, or the portion thereof, to be purchased; and (b) the liabilities and obligations to be assumed, including any indebtedness to be assumed, if any.

*Purchase Price.* The Bid must clearly set forth the cash purchase price, and any other non-cash consideration, to be paid. If the Bid proposes an acquisition of only certain of the Assets, the purchase price must be applied to each Asset or package of Assets in that Bid.

*Deposit.* Each Bid must be accompanied by a good faith deposit in an amount equal to not less than $50,000 in cash to be held in an escrow by the Debtor (the "**Deposit**").

*Marked Agreement*.   Each Bid must include duly executed, non-contingent transaction documents necessary to effectuate the transactions contemplated in the Bid (the "**Bid_Documents**").  The Bid Documents shall include a schedule of all Assigned Contracts (as defined in the Bidding Procedures Order) to be assumed/assigned, if any, and a clearly marked/redlined version of the form APA showing all changes requested by the Acceptable Bidder, as well as all other material documents integral to such Bid.

*Committed Financing*.  To the extent that a Bid is not a cash Sale, each Bid must include documentation to the reasonable satisfaction of the Debtor that demonstrates that the Acceptable Bidder has received sufficient unconditional debt and/or equity funding commitments to satisfy the Acceptable Bidder's purchase price and other obligations under its Bid, including providing adequate assurance of future performance under all contracts proposed to be Assigned Contracts by such Bid.  No Bids may be conditioned on obtaining financing or completion of any review of due diligence.

*Identity*.  The Bid must fully disclose the identity of each person or entity that (a) will directly or indirectly own and/or control 20% or more of the equity and/ or voting securities of the Qualified Bidder, including its full legal name, jurisdiction of incorporation or formation and its location in the Qualified Bidder's corporate structure, (b) has a connection or agreement with the Debtor or with any other prospective bidder for some or all of the Assets or any officer, director or equity security holder of the Debtor.

*Irrevocable*.  A Bid must be irrevocable and binding; provided that if the Bid is not selected as the Successful Bid or Backup Bid (defined below), the Bid may be revoked after consummation of the Sale anticipated under the Successful Bid or Backup Bid.

*Backup Bidder*.  Each Bid must contain an agreement for the Acceptable Bidder to be a Backup Bidder (as defined below) if such bidder's Qualified Bid is selected as the next highest or next best bid after the Successful Bid.

*As-Is, Where-Is*.  The Bid must include the following representations and warranties: (a) expressly state that the Acceptable Bidder has had an opportunity to conduct any and all due diligence regarding the Debtor's businesses and the Assets prior to submitting its Bid; and (b) a statement that the Acceptable Bidder has relied solely upon its own independent review, investigation, and/or inspection of any relevant documents and the Assets in making its Bid and did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the Debtor's businesses or the Assets or the completeness of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the Acceptable Bidder's proposed asset sale agreement ultimately accepted and executed by the Debtor.

*Authorization.*  The Bid must include evidence that the Acceptable Bidder has obtained authorization or approval from its board of directors (or comparable governing body) acceptable to the Debtor with respect to the submission, execution, and delivery of its Bid and Bid Documents, participation in the Auction, and closing of the proposed transaction(s) contemplated in such Bid.

*Disclaimer of Fees.*  Each Bid (other than any Stalking Horse Bidder) must disclaim any right to receive a fee analogous to a break-up fee, expense reimbursement, "topping" or termination fee, or any other similar form of compensation.  For the avoidance of doubt, no Qualified Bidder (other than a Stalking Horse Bidder granted protections in accordance with the Bidding Procedures Order) will be permitted to request, such compensation.

*Time Frame for Closing.*  A Bid by an Acceptable Bidder must be reasonably likely (based on antitrust or other regulatory issues, experience, and other considerations in the Debtor's business judgment) to be consummated, if selected as the Successful Bid (as defined herein), within a time frame reasonably acceptable to the Debtor.  The Acceptable Bidder must commit to closing the proposed Sale(s) contemplated by the Bid as soon as practicable and provide perspective on any potential regulatory issues that may arise in connection with such Acceptable Bidder's acquisition of the Assets including timing for resolution thereof.  In no event may the proposed transaction close later than May [13], 2026 (unless extended in writing by the Debtor) (the "**Closing Deadline**"), and any Bid must specifically acknowledge and agree to the same, unless extended in writing by the Debtor.

*Adherence to Bid Procedures.*  Each Bid must include a representation that (a) the Acceptable Bidder has acted in good faith consistent with section 363(m) of the Bankruptcy Code; and (b) the Bid constitutes a bona fide offer to consummate the proposed transactions and agrees to be bound by these Bidding Procedures.

*No Collusion.*  The Acceptable Bidder must acknowledge in writing that (a) in connection with submitting its Bid, it has not engaged in any collusion that would be subject to section 363(n) of the Bankruptcy Code with respect to any Bids or the Sale, specifying that it did not agree with any Potential Bidders, Acceptable Bidders or Qualified Bidders to control price; and (b) it agrees not to engage in any collusion that would be subject to section 363(n) of the Bankruptcy Code with respect to any Bids, the Auction, or the Sale.

**BID DEADLINE**.

An Acceptable Bidder that desires to make a Bid must transmit via email (in .pdf or similar format) or deliver written copies of its Bid to the Debtor's advisors on or before April [6], 2026, (the "**Bid Deadline**") by email at jmmertz@michaelbest.com and jeffrey.weinman@michaelbest.com.

**QUALIFIED BIDDERS**.

No later than April [10], 2026 at [ ] MST, the Debtor shall notify each Acceptable Bidder whether such party is a Qualified Bidder.  If any Bid is determined by the Debtor not to be a Qualified Bid, the Debtor will refund such Acceptable Bidder's Deposit on or before the date that is five (5) Business Days after the Bid Deadline.

Between the date that the Debtor notifies an Acceptable Bidder that it is a Qualified Bidder and the Auction, the Debtor may discuss, negotiate, or seek clarification of any Qualified Bid from a Qualified Bidder.  Without the prior written consent of the Debtor, a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid, except for proposed amendments to increase the consideration contemplated by, or otherwise improve the terms of, the Qualified Bid, during the period that such Qualified Bid remains binding as specified in these Bidding Procedures; provided that any Qualified Bid may be improved at the Auction as set forth herein.  Any improved Qualified Bid must continue to comply with the requirements for Qualified Bids set forth in these Bidding Procedures.  Each Qualified Bidder shall comply with all reasonable requests for additional information and due diligence access requested by the Debtor or its advisors.

**THE AUCTION**.

*General.* If the Debtor receives more than one Qualified Bid, the Debtor shall conduct the Auction to determine the Successful Bidder with respect to the Assets or portion of the Assets.  If one or more Qualified Bid(s) exist for acquiring specific sub-groups of the Debtor's Assets, then the Debtor may, in the exercise of its reasonable business judgment conduct and auction or auctions in one or more lots for some or all of the Assets.  If the Debtor does not receive more than one Qualified Bid, the Debtor will not conduct the Auction and will designate such Qualified Bid as the Successful Bid.

The Debtor will notify all Qualified Bidders of the highest or otherwise best Qualified Bid, as determined in the Debtor's reasonable business judgment (the "**Opening Bid**"), and provide copies of the Bid Documents supporting the Opening Bid to all Qualified Bidders. The determination of which Qualified Bid constitutes the Opening Bid and which Qualified Bid constitutes the Successful Bid shall take into account any factors the Debtor reasonably deems relevant to the value of the Qualified Bid to the Debtor's estate.

The Auction will be held telephonically, by videoconference, or in person as determined by the Debtor.  If the Debtor determines that the Auction should be conducted in person, (a) the Debtor shall select a suitable venue for the Auction located within 100 miles of the Court, (b) not later than one (1) business day following the Bid Deadline, file a notice on the docket in the Case stating that the Auction will be held in person and identifying the street address of the location chosen for the

Auction and serve such notice by email or similarly expeditious electronic means on all persons that have submitted Bids by the Bid Deadline.

*Participants and Attendees.* The Debtor and its advisors shall direct and preside over the Auction. At the start of the Auction, the Debtor shall describe the terms of the Opening Bid. All incremental Bids made thereafter shall be Overbids (as defined herein) and shall be made and received on an open basis, and all material terms of each Overbid shall be fully disclosed to all other Qualified Bidders.

Only Qualified Bidders that have submitted Qualified Bids by the Bid Deadline are eligible to participate in the Auction. Qualified Bidders participating in the Auction must appear in person (or through a duly authorized representative), telephonically, or through a video teleconference. Each Qualified Bidder participating in the Auction may be required to confirm in writing and on the record at the Auction that (i) it has not engaged in any collusion with respect to the submission of any bid or the Auction and (ii) each Qualified Bid it submits at the Auction is a binding, good faith and bona fide offer to purchase the Assets identified in such bid.

*Auction Procedures.* The Auction shall be governed by the following procedures, subject to the Debtor's right to modify such procedures in its reasonable business judgment:

*Opening Bid.* Bidding shall commence at the amount of the Opening Bid.

*Minimum Overbids.* Qualified Bidders may submit successive bids higher than the previous bid, based on and increased from the Opening Bid for the relevant Assets (each such bid, an "**Overbid**"). In the event a Stalking Horse Bidder is selected as the Opening Bid, the initial minimum Overbid shall include (a) the amount provided for in the Stalking Horse Bid, *plus* (b) the aggregate amount set forth in any Stalking Horse Agreement of any pre-approved Stalking Horse Inducements, *plus* (c) $100,000. Any subsequent Overbids by a Qualified Bidder above the initial Overbid shall be made in increments of at least $50,000 in cash, cash equivalents, or such other consideration that the Debtor deems equivalent. The Debtor may announce increases or reductions to initial or subsequent Overbids at any time during the Auction.

*Highest or Best Offer.* Each round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a subsequent bid with full knowledge of any and all other Bids.

*Rejection of Bids.* The Debtor may, in its reasonable business judgment reject at any time before entry of an order of the Court approving a Qualified Bid, any bid that the Debtor determines is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale, or (c) contrary to the best interests of the Debtor, its estate, its creditors, and other stakeholders.

*Modification of Procedures.*  The Debtor may announce at the Auction modified or additional rules for conducting the Auction that the Debtor reasonably determines to be appropriate to promote the goals of maximizing the value of the Assets and provided that such rules are not inconsistent with these Bidding Procedures. All such modifications and additional rules will be communicated in advance of any given round of bidding at the Auction to Qualified Bidders in attendance at the Auction. Any Overbid made by a Qualified Bidder (including with respect to any Backup Bid (defined below)) must remain open and binding on the Qualified Bidder until the earlier of (a) the closing of a sale transaction for the applicable Assets pursuant to the Successful Bid and (b) 45 days after the date of the Sale Hearing, unless otherwise decided.

*Adjournment of the Auction.* The Debtor reserves the right, in its reasonable business judgment, to adjourn the Auction one or more times to, among other things, (i) facilitate discussions between the Debtor and Qualified Bidders, (ii) allow Qualified Bidders to consider how they wish to proceed, and (iii) provide Qualified Bidders the opportunity to provide the Debtor with such additional evidence as the Debtor, in its reasonable business judgment, may require, that the Qualified Bidder has sufficient internal resources or has received sufficient non-contingent debt or equity funding commitments to consummate the proposed Sale.

*Successful Bidder.* Immediately prior to the conclusion of the Auction, the Debtor shall (i) determine consistent with these Bidding Procedures, which bid constitutes the highest or otherwise best bid(s) for the applicable Assets (each such bid, a "**Successful Bid**"); and (ii) notify all Qualified Bidders at the Auction for the applicable Assets of the identity of the bidder that submitted the Successful Bid (each such bidder, the "**Successful Bidder**") and the amount of the purchase price and other material terms of the Successful Bid.  The Debtor shall file a notice identifying the Successful Bidder and Backup Bidder (if selected) as soon as reasonably practicable after closing the Auction.

*Backup Bidder.* Notwithstanding anything in these Bidding Procedures to the contrary, if an Auction is conducted, the Qualified Bidder with the next-highest or otherwise second-best Qualified Bid as compared to the Successful Bid at the Auction for the Assets, as determined by the Debtor in the exercise of its reasonable business judgment (the "**Backup Bid**"), shall be required to serve as a backup bidder (the "**Backup Bidder**"), and each Qualified Bidder shall agree and be deemed to agree to be the Backup Bidder if so designated.  The identity of the Backup Bidder and the amount and material terms of the Qualified Bid of the Backup Bidder shall be announced by the Debtor at the conclusion of the Auction at the same time the Debtor announces the identity of the Successful Bidder.

In the context of a Bid, the Backup Bid shall remain binding on the Backup Bidder until the earlier of (a) the closing of a sale transaction for the applicable Assets pursuant to the Successful Bid and (b) 45 days after the date of the Sale Hearing, unless otherwise decided.  If a Successful Bidder fails to consummate the approved transactions contemplated by its Successful Bid, the Debtor may select the Backup Bidder as the Successful Bidder, and such Backup Bidder shall be deemed a Successful Bidder for all purposes. The Debtor will be authorized, but not required, to consummate all transactions contemplated by the Bid of such Backup Bidder without further order of the Court or notice to any party.

**ACCEPTANCE OF SUCCESSFUL BID**

The Debtor's presentation of a particular Qualified Bid to the Court for approval does not constitute the Debtor's acceptance of such Qualified Bid.  The Debtor will be deemed to have accepted a Bid only when the Bid has been approved by the Court at the Sale Hearing.  The Debtor shall seek approval by the Court to consummate the Backup Bid, solely in the event the Successful Bidder fails to close the transaction as provided in the Successful Bid and with all rights reserved against the Successful Bidder.

**FREE AND CLEAR OF ANY AND ALL ENCUMBRANCES**

All rights, titles and interests in and to the Assets shall be sold free and clear of all liens, claims, interests, and encumbrances (collectively, the "**Interests**"), subject only to any expressly assumed liabilities and expressly permitted encumbrances (each as provided in the Successful Bidder's purchase agreement), if any, in accordance with section 363(f) of the Bankruptcy Code, with such Interests to attach to the net proceeds received by the Debtor from the Sale of the Assets in accordance with the Bankruptcy Code, applicable non-bankruptcy law and any prior orders of the Court.

**RESERVATION OF RIGHTS**.

The Debtor reserves the right to, in its reasonable business judgment modify these Bidding Procedures in good faith, to further the goal of attaining the highest or otherwise best offer for the Assets, or impose, at or prior to selection of the Successful Bidder, additional customary terms and conditions on the Sale of the Assets, including, without limitation: (a) extending the deadlines set forth in these Bidding Procedures; (b) adjourning the Auction; (c) adding or modifying procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction and/or adjourning the Sale Hearing in open court; (d) canceling the Auction or electing not to hold an Auction; (e) rejecting any or all Bids or Qualified Bids; (f) adjusting the applicable minimum Overbid increment, including by requesting that Qualified Bidders submit last or final bids on a "blind basis"; and (g) selecting a draft purchase agreement agreed to by a Qualified Bidder in connection with a Qualified Bid to serve as the purchase agreement that will be executed by the Successful Bidder

or Successful Bidders, as applicable and with any necessary adjustments for the Assets and liabilities being purchased and assumed, upon conclusion of the Auction, if held.  The Debtor shall provide reasonable notice of any such modification to any Qualified Bidder, including any Stalking Horse Bidder.

**CONSENT TO JURISDICTION**.

All Potential Bidders, Acceptable Bidders and Qualified Bidders shall be deemed to have consented to the exclusive jurisdiction of the Court and waived any right to a jury trial in connection with any disputes relating to the Auction, the construction and enforcement of these Bidding Procedures, and/or the Bid Documents, as applicable.

**SALE HEARING**.

A hearing to consider approval of the sale of the Debtor's Assets to the Successful Bidder or Backup Bidder (if applicable) (the "**Sale Hearing**"), is currently scheduled to take place on April [**], 2026, at [ ] (MST), before Hon. Thomas B. McNamara at the United States Bankruptcy Court for the District of Colorado, U.S. Customs House, 721 19th Street, Courtroom E, Denver, Colorado 80202.  The Sale Hearing may be continued to a later date by the Debtor by sending notice prior to, or making an announcement at, the Sale Hearing.

Objections to the Sale of any Assets free and clear of liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code to the Successful Bidder(s) and/or a Backup Bidder, as applicable, any of the relief requested in the Motion, and entry of an order approving the Sale (the "**Sale Order**") must (i) be in writing and specify the nature of such objection; (ii) comply with the Bankruptcy Code, Bankruptcy Rules and all orders of the Court; and (iii) be filed with the Court and served on the Debtor and its counsel by April 20, 2026.

**RETURN OF DEPOSITS**.

The Deposit of the Successful Bidder shall be applied to the purchase price at closing. The Deposits for each Qualified Bidder shall be held by the Debtor and shall be returned (other than the Successful Bidder and the Backup Bidder) on or before five (5) business days after the Auction.  The Backup Bidder's Deposit shall be held in escrow until the closing of the Sale with the Successful Bidder.  In the event the Successful Bidder fails to close, and the Debtor opts to close on the Sale Transaction(s) set forth in the Backup Bid, the Backup Bidder's Deposit shall be applied to the purchase price at closing.  In the event of a breach or failure to consummate a Sale by the Successful Bidder or the Backup Bidder, as applicable, the defaulting Bidder's Deposit shall be forfeited.