**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| In re: Nu Style Landscape & Development, LLC<br>        Debtor. | Case No. 23-14475-TBM<br><br>Chapter 11 |

**ORDER (A) ESTABLISHING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) AUTHORIZING THE DEBTOR TO DESIGNATE A STALKING HORSE BIDDER AND GRANT CERTAIN INDUCEMENTS AS PART OF A STALKING HORSE AGREEMENT, (C) ESTABLISHING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (D) APPROVING THE FORM AND MANNER OF RELATED NOTICES, (E) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; AND (F) GRANTING OTHER RELATED RELIEF**

This matter came before the Court upon the motion (the "**Motion**")[1] of the Debtor for entry of an order (this "**Order**"), (i) approving the proposed auction and bidding procedures (the "**Bidding Procedures**"), which are attached as **Exhibit A** hereto, for the potential sale (the "**Sale**") of substantially all of the assets (the "**Assets**") of the debtor (the "**Debtor**") in the above-captioned chapter 11 case (the "**Case**") through a proposed sale transaction (the "**Sale Transaction**"); (ii) approving the Debtor's ability to solicit and enter into an agreement (the "**Stalking Horse Agreement**") with a stalking horse bidder (the "**Stalking Horse Bidder**"), with certain inducements (the "**Stalking Horse Inducements**") in connection therewith; (iii) scheduling an auction for the Assets (the "**Auction**") (if necessary) and a final

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion and Bidding Procedures.

hearing for approval of the Sale of the Assets (the "**Sale Hearing**"); (iv) approving the form and manner of notice of the Bidding Procedures, the Auction (if any) and the Sale Hearing (the "**Sale Notice**," attached hereto as **Exhibit B**); (v) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed cure amounts (the "**Assumption and Assignment Procedures**," the notice of which is attached hereto as **Exhibit C**); and (vi) granting other related relief.

This Court, having considered the Motion, and the arguments of counsel made, and the evidence adduced at the hearing on the Motion; and, in accordance with Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014:

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**[2]

A. This Court has jurisdiction to consider the Motion under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Chapter 11 Case and the Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

B. The predicates for the relief requested by the Motion are sections 105, 363, 365, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014 and applicable Bankruptcy Local Rules.

---

[2] The findings, determinations, and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.    The Debtor has set forth good and sufficient business reasons for the Court to approve the Motion.  The good and sufficient reasons articulated by the Debtor, which were set forth in the Motion, and on the record at the Bidding Procedures Hearing, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

D.    The Bidding Procedures are fair, reasonable and appropriate, and represent the best method for conducting a Sale of the Assets and maximizing the value thereof for the benefit of the Debtor's estate.

E.    The form, manner, and sufficiency of the notice of the Bidding Procedures, the Auction, the Assumption and Assignment Procedures, and the Sale Hearing are reasonable, appropriate, and sufficient under the circumstances.

F.    Entry of this Order is in the best interests of the Debtor's estate, its creditors and all other interested parties.

**THEREFORE, IT IS ORDERED THAT:**

1.    The Motion and the relief requested therein is GRANTED.

**The Bidding Procedures, Sale Notice**

2.    The Bidding Procedures (**Exhibit A**) are approved.  Any party desiring to submit a Bid shall comply with the Bidding Procedures and this Order. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

3.    The Sale Notice ("**Exhibit B**") is approved. Within 2 business days after the entry of this Order, or as soon thereafter as practicable, the Debtor (or its agents)

3

shall serve this Order, the final Bidding Procedures, and the final Sale Notice, by first-class mail, postage prepaid, and e-mail (if known) upon all interested parties, known creditors of the Debtor (including parties who have asserted any lien, encumbrance, claim or other interest in the Assets), all applicable federal, state, and local taxing authorities, each counterparty to the Debtor's contracts and leases, and all other parties who have requested or require notice under Bankruptcy Rule 2002.

**The Stalking Horse Agreement**

4.     The Debtor is authorized, but not required, to enter into a Stalking Horse Agreement, and offer the Stalking Horse Inducements to a suitable Stalking Horse Bidder, which at a maximum may include a break-up fee of 3% of the total cash consideration plus any reasonable and actual out of pocket costs, expenses, and fees up to 2% of the total cash consideration proposed in the Stalking Horse Agreement. Any reasonable obligations of the Debtor set forth in the Stalking Horse Agreement that are intended to be performed prior to the Sale Hearing and/or entry of the Sale Order are hereby authorized.

5.     Pursuant to Bankruptcy Code sections 105, 363, 503, and 507, the Debtor is authorized but not required to offer, if necessary, in its reasonable discretion, some or all of the Stalking Horse Inducements. Upon entry of this Order, any amount that becomes due and payable as a Stalking Horse Inducement shall constitute an administrative expense of the estate pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code.

**The Auction**

4

6.     The process and requirements associated with submitting a Qualified Bid, and any additional Bids at the Auction are approved as fair, reasonable, appropriate, and designed to maximize value of the Debtor's estate, creditors and other parties in interest.

7.     The Debtor is authorized to conduct the Auction with respect to the Assets if one or more Qualified Bids are received.  The Auction (if any) shall take place on **April [13], 2026 at 10:00 a.m.** (prevailing Mountain Time) via remote video conference or such other place and time as the Debtor shall notify all Qualified Bidders.

8.     If no Qualified Bid other than a Stalking Horse Bid is received by the Bid Deadline, the Debtor shall cancel the Auction, and the Stalking Horse Agreement shall be deemed the Successful Bid and the Stalking Horse Bidder shall be the Successful Bidder.  The Debtor is authorized, subject to the terms of this Order and the Bidding Procedures, to take actions necessary, in the reasonable discretion of the Debtor, to negotiate with Bidders and conduct and implement the Auction.

9.     The Debtor may, in its business judgment, (i) determine which Bidders are Qualified Bidders; (ii) determine which Bids are Qualified Bids; (iii) determine which Qualified Bid is the highest and otherwise best Bid and which is the next highest and otherwise best Bid; (iv) reject any Bid that is, inadequate, insufficient, not in conformity with the requirements of the Bidding Procedures, or not in the best interests of the Debtor and its estate; (v) impose any additional, reasonable terms and conditions with respect to all Potential Bidders; (vi) make non-material

5

modifications to the Bidding Procedures; and (vii) implement additional procedural rules with respect to the conduct of the Auction that the Debtor determines.

10. The good faith Deposits of all Qualified Bidders shall be held in one or more escrow accounts by the Debtor or its advisors, but shall not become property of the Debtor's estate absent further order of the Court. The Deposit of any Qualified Bidder that is neither the Successful Bidder nor the Back-Up Bidder shall be returned to such Qualified Bidder not later than five (5) Business Days after the Sale Hearing. The Deposit of the Back-Up Bidder, if any, shall be returned to the Back-Up Bidder upon the termination of such Back-Up Bidder's Asset Purchase Agreement in accordance with its terms. If the Successful Bidder (or, if the Sale is to be consummated with the Back-Up Bidder, then the Back-Up Bidder) fails to consummate the Sale because of a breach or failure to perform on the part of such Bidder, then the Debtor and its estate shall be entitled to retain the Deposit of the Successful Bidder (or, if the Sale is to be consummated with the Back-Up Bidder, then the Back-Up Bidder) as part of the damages resulting to the Debtor and its estate for such breach or failure to perform.

11. As soon as possible after the conclusion of the Auction (or, if no Qualified Bid other than a Stalking Horse Bid is timely received, as soon as reasonably practicable after the Bid Deadline), the Debtor shall file a notice identifying any Successful Bidder and, if applicable, Back-Up Bidder.

### The Sale Hearing and Objections to the Sale Transaction

12. The hearing to approve the Sale of the Assets to the Successful Bidder

shall be held before the Court on **April [\*\*], 2026 at [   ]** MST (the "**Sale Hearing**"), or as the Court may otherwise direct.

13.     Objections, if any, to the Sale (a "**Sale Objection**") other than Assignment Objections (as defined below), including any objection to the sale of any Assets free and clear of liens, claims, encumbrances, and interests (the "**Interests**") pursuant to section 363(f) of the Bankruptcy Code to a Successful Bidder and/or a Backup Bidder, as applicable, and the entry of any Sale Order, must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and all orders of this Court, (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor and (d) be filed with the Court on or before **April [20], 2026** (the "**Sale Objection Deadline**").

14.     If any party fails to timely file with the Court and serve a Sale Objection by the Sale Objection Deadline or otherwise abide by the procedures set forth in the Bidding Procedures regarding a Sale Objection, such party shall be barred from asserting, at the Sale Hearing or otherwise, any objection to the relief requested in the Motion, or to the consummation and performance of the Sale, including the transfer of the Assets to the Successful Bidder, free and clear of all Interests pursuant to § 363(f) of the Bankruptcy Code, and shall be deemed to "consent" for under § 363(f).

**Assumption and Assignment Procedures**

15.     The Assumption and Assignment Procedures and accompanying Assumption and Assignment Notice attached hereto as **Exhibit C** are reasonable and

appropriate under the circumstances, fair to all counterparties to any Assigned Contract (defined below), and are approved.

16.     On or before 5 business days after entry of this Order, the Debtor shall file with this Court and serve on each party (a "**Contract Party**") to an executory contract or unexpired lease that may be assumed and assigned by the Debtor as part of the Sale Transaction (each, an "**Assigned Contract**"), a notice (the "**Assumption and Assignment Notice**") that shall (i) identify the assumed and Assigned Contracts (including the name and address of each Contract Party); (ii) state the cure amounts as of the Petition Date that the Debtor believes are necessary to be paid to assume such Assigned Contract pursuant to section 365 of the Bankruptcy Code (the "**Cure Amount**"); (iii) notify the Contract Notice Party that such party's contract or lease may be assumed and assigned to a purchaser of the Assets at the conclusion of the Auction; (iv) state the date of the Sale Hearing and that objections to any Cure Amount or otherwise to assumption and assignment of the Assigned Contract will be heard at the Sale Hearing or at a later hearing, as determined by the Debtor and the Successful Bidder; (v) state that the proposed assignee has or will demonstrate its ability to comply with the requirements of adequate assurance of future performance of the Assigned Contract under section 365(f)(2)(B) and, if applicable, section 365(b)(3) of the Bankruptcy Code, including, without limitation, the assignee's wherewithal and willingness to perform under such executory contract or unexpired lease (such information, the "**Adequate Assurance Information**"); and (vi) state the Assignment Objection Deadline by which the applicable Contract Notice Party

must file an objection to the Cure Amount (specifically, a "**Cure Objection**") or otherwise to the assumption and assignment of the Assigned Contracts (any such objection, an "**Assignment Objection**").

17.     Any Assignment Objection or Cure Objection, must (a) be in writing, (b) state with detail the nature of the objection and any Cure Amount the party to the Assigned Contract believes is required if different than the amount listed in the applicable Assumption and Assignment Notice (with appropriate documentation in support thereof), (c) comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and any orders of the Court and (d) be filed with the Court on or before **April [6], 2026** (an "**Assignment Objection Deadline**").

18.     If a Successful Bidder other than the Stalking Horse Bidder prevails at the Auction, then Contract Parties may submit a new Adequate Assurance Information Request to the Debtor and the deadline to object to assumption and assignment based on adequate assurance of future performance shall be extended until the Sale Hearing.

19.     Except as otherwise provided herein, Assignment Objections will be heard at the Sale Hearing and the Debtor may seek Court approval of assumption and assignment of the Assigned Contracts to the Successful Bidder at the Sale Hearing.

20.     If a timely Cure Objection cannot be resolved by the parties, the Cure Objection may be heard at the Sale Hearing or, at the option of the Debtor, be adjourned to a subsequent hearing.

21. If no Assignment Objection is timely filed with respect to an Assigned Contract, then (i) the counterparty to such Assigned Contract shall be (a) deemed to have consented to, and shall be forever barred from, objecting to the Cure Amount or the assumption of the Assigned Contract.

### Related Relief

22. In the event of any inconsistencies between this Order and the Motion and/or the Bidding Procedures, this Order shall govern in all respects.

23. The Debtor is hereby authorized and empowered to take such actions as may be necessary to implement the terms and requirements established by this Order.

24. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7052, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

25. The Court further hereby holds the Committee's Motion to Convert [Docket No. [460] in abeyance while the Motion and Bidding Procedures and process are pending, subject to the following:

   (a) The Debtor must hold the Auction within thirty (60) days of the filing of its Motion;

   (b) If there are no Successful Bidders, this case will be converted to one under Chapter 7;

   (c) If there is a Successful Bidder (and/or Back-Up Bidder, if applicable), Closing must be within thirty (30) days of the Auction; and

(d) If no Closing occurs, this case will be converted to one under Chapter 7.

26.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim, or dispute arising from or relating to any Stalking Horse Agreement, the Bidding Procedures, any APA, any Qualified Bid, and the Auction.

BY THE COURT:

_____
Honorable Thomas B. MacNamara