**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

|  |  |
|---|---|
| In re: | |
| Nu Style Landscape & Development, LLC | Case No. 23-14475 TBM |
| Debtor. | Chapter 11 |

**MOTION TO APPROVE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 105, 363, AND 365**

The Debtor, Nu Style Landscape & Development, LLC (the "Debtor"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for entry of an order (the "Sale Order") pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and applicable Local Bankruptcy Rules, authorizing and approving the sale (the "Sale") of substantially all of the Debtor's assets (the "Assets") to Elevated Landscape Group LLC, a Colorado limited liability company (the "Buyer" or "Successful Bidder"), free and clear of all liens, claims, encumbrances, and interests pursuant to section 363(f) of the Bankruptcy Code, and granting related relief. In support of this Motion, the Debtor respectfully states as follows:

## I.      Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

2.      This matter is a core proceeding under 28 U.S.C. § 157(b)(1), as it concerns the administration of the Debtor's estate pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).

3.      Venue of this proceeding is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

4.      On October 2, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "Case"). Since the Petition Date, the Debtor has continued to operate its commercial landscaping and construction business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      The Debtor is a Colorado limited liability company that operates a commercial landscaping and construction business, with jobs ranging from $15,000.00 to $1,500,000.00, and has been in operation since October of 2005.

6.      On December 4, 2023, the Official Committee of Unsecured Creditors (the "Committee") was formed pursuant to section 1102 of the Bankruptcy Code by appointment of the United States Trustee.

7.      This Case has been pending for approximately two and a half years. During that time, the Debtor previously submitted and prosecuted its Modified Third Amended Plan of Reorganization [Docket No. 499], which the Committee objected to on December 23, 2025 [Docket No. 491]. The Committee also filed a Motion to Convert the Chapter 11 Case to a Case Under Chapter 7 on October 21, 2025 [Docket No. 460].

8.     The Debtor ultimately withdrew its Plan from consideration for confirmation. In light of continued objections by the Committee to the Debtor's Plan, as well as continued rejecting votes of certain creditors, the Debtor determined that a liquidating sale of its assets as a going concern was in the best interest of the Debtor's estate and creditors, versus continued, uncertain litigation.

### III. The Sale Process

9.     On February 13, 2026, the Debtor filed its Motion for Entry of an Order Establishing Bidding Procedures for the Sale of Substantially All of the Debtor's Assets (the "Bidding Procedures Motion") [Docket No. 522].

10.     On March 18, 2026, the Court entered its *Order (A) Establishing Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (B) Authorizing the Debtor to Designate a Stalking Horse Bidder, (C) Establishing Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of Related Notices, and (E) Granting Other Related Relief* [Docket No. 539] (the "Bidding Procedures Order"). In the Bidding Procedures Order, the Court found that the Bidding Procedures were "fair, reasonable and appropriate, and represent the best method for conducting a Sale of the Assets and maximizing the value thereof for the benefit of the Debtor's estate." [Docket No. 539, Recital D.]

### IV. Marketing and Notice Efforts

11.     Following entry of the Bidding Procedures Order, the Debtor undertook commercially reasonable marketing and notice efforts to maximize the reach of the

3

sale process and attract the broadest possible pool of prospective bidders. Among other things: (a) the Debtor caused publication of the Sale Notice in *The Denver Post* on March 23, 2026 and March 30, 2026, as reflected in the Publisher's Affidavit of Publication filed with the Court, (b) the Debtor caused the Sale Notice to be published electronically through *The Daily DAC* online notice service, including a full link to the Court's Bidding Procedures Order, and (c) the Debtor served the Bidding Procedures Order, together with the finalized Sale Notice and Bidding Procedures, via first-class U.S. Mail upon all parties listed on the creditor matrix in this Case, as well as all parties to whom it had previously spoken regarding a potential interest in the purchase of the Debtor's assets, all known creditors (including parties who have asserted any lien, encumbrance, claim, or other interest in the Assets), all applicable federal, state, and local taxing authorities, each counterparty to the Debtor's contracts and leases, and all other parties who have requested or require notice under Bankruptcy Rule 2002.

12.     These efforts were appropriate under the circumstances of this case, well-publicized, and in full compliance with the Bidding Procedures Order and all applicable requirements of the Bankruptcy Code and Bankruptcy Rules.

**V. The Bidding Results and Designation of the Successful Bidder**

13.     As a result of the Debtor's efforts, the Debtor received expressions of interest from three (3) separate parties. Of those parties, one (1) submitted a bid by the Bid Deadline of April 13, 2026.

14.     That bid was submitted by Elevated Landscape Group LLC, a Colorado limited liability company, with a proposed purchase price of $850,000.00 in cash for substantially all of the Debtor's Assets (the "Successful Bid"), accompanied by a duly executed Asset Purchase Agreement (the "APA") and a good faith deposit of $50,000.00.

15.     Because the Debtor did not receive more than one Qualified Bid by the Bid Deadline, no Auction was conducted, and the sole Qualified Bid submitted by Elevated Landscape Group LLC has been designated as the Successful Bid, and Elevated Landscape Group LLC has been designated as the Successful Bidder, in accordance with the Bidding Procedures. There is no Back-Up Bidder.

16.     The Debtor discloses that the Successful Bidder's president, Nate Moilanen, is the Vice President of the Debtor and the son of Michael Moilanen, the CEO and owner of the Debtor. The Bid and related materials have been provided to the Committee, whose review is ongoing.

**VI. Summary of the Asset Purchase Agreement**

17.     A copy of the APA has been filed with the Court as part of the Successful Bidder's complete bid package. The material terms of the APA include, without limitation, the following:

   a. **Purchase Price:** $850,000.00 in cash, less the Buyer Proration Amount (if any), plus assumption of Assumed Liabilities;

   b. **Deposit:** $50,000.00 in cash, to be applied to the purchase price at closing;

5

c. **Assets to be Acquired:** Substantially all of the Debtor's Assets, as more fully described in the APA.

d. **Closing Deadline:** On or before May 20, 2026, unless extended in writing by the Debtor.

e. **Conduct of Business:** From the effective date of the APA until closing, the Debtor shall conduct the business in the ordinary course and use reasonable best efforts to maintain and preserve its current business organization, operations, and franchise.

f. **Cure Costs:** Cure amounts for any executory contracts and/or leases to be assumed and assigned are the sole responsibility of the Debtor, as set forth in the APA.

g. **Free and Clear:** All rights, titles, and interests in and to the Assets shall be sold free and clear of all liens, claims, interests, and encumbrances, in accordance with section 363(f) of the Bankruptcy Code, with such interests to attach to the net proceeds received by the Debtor from the Sale.

## VII. Legal Basis for Approval of the Sale.

### 1. The Sale Is Supported by a Sound Business Purpose.

18. Section 363(b) of the Bankruptcy Code provides, in relevant part, that the debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

19. The overriding goal of a sale under § 363 is to maximize the value of a debtor's estate. *In re Capra*, 614 B.R. 291, 297 (Bankr. N.D. Ill. 2020); *In re Food Barn*

*Stores, Inc.*, 107 F.3d 558, 564–65 (8th Cir. 1997). To achieve that goal, a debtor has "broad discretion to determine the appropriate procedures for marketing and selling" its assets. *In re 160 Royal Palm, LLC*, 600 B.R. 119, 127 (S.D. Fla. 2019).

20.     A sale under § 363 should be approved when it is justified by a sound business purpose. *Westmoreland County Emp. Retirement Sys. v. Parkinson*, 727 F.3d 719, 725 (7th Cir. 2013); *In re Lionel Corp.*, 722 F.2d 1063, 1070–71 (2d Cir. 1983); *In re Nicole Energy Services, Inc.*, 385 B.R. 201, 230 (Bankr. S.D. Ohio 2008). The burden of establishing a rational business justification lies with the debtor; however, once the debtor makes such a showing, a presumption is that the decision was made on an informed basis, in good faith, and in the honest belief that the action was in the best interest of the company. *See, e.g.*, *In re Brook Valley VII, Joint Venture*, 496 F.3d 892, 900 (8th Cir. 2007).

21.     Here, the proposed Sale is amply supported by sound business reasons. The Debtor has been operating under Chapter 11 protection since October 2, 2023. During that time, the Debtor's proposed plan of reorganization was met with sustained objections from the Committee and rejecting votes from certain creditors, ultimately leading the Debtor to withdraw its Plan and pursue a going-concern sale as the best available path to maximize value for the estate and its creditors.

22.     The Debtor's independent valuation expert, Scott R. Saltzman, issued an Updated Fair Market Valuation of the Debtor as of July 30, 2025, which valued the Debtor as a going concern at $740,000.00. The Successful Bid of $850,000.00

exceeds this independent going-concern valuation by $110,000.00, representing approximately a 14.9% premium over the appraised value.

### 2.    The Sale Represents the Highest and Best Bid

23.    Based on the marketing efforts undertaken, the interest received, and the sole Qualified Bid submitted, the Debtor believes that proceeding with the proposed Sale to Elevated Landscape Group LLC at a purchase price of $850,000.00 represents the highest and best option available to maximize value for the bankruptcy estate under the circumstances. Despite the marketing of the Debtor's Assets—including publication in The Denver Post and through The Daily DAC online notice service, direct outreach to known interested parties, and service on the full creditor matrix—the Debtor received only one Qualified Bid. The market has spoken, and the Successful Bid reflects the value that the market is willing to pay for the Debtor's Assets as a going concern.

### 3.    Conversion to Chapter 7 Would Not Yield Greater Value

24.    Critically, conversion of this Case to one under Chapter 7 would not yield greater or equal value for the estate. The Debtor believes that conducting a sale of the business as a going concern through the Court-approved sale process is the best way to maximize value for the benefit of stakeholders, versus conversion and a resulting piecemeal fire sale of assets of a non-operating company.

25.    The Successful Bid of $850,000.00 exceeds the Debtor's independently appraised going-concern value of $740,000.00 and would be significantly greater than the forced liquidation value of the Debtor's tangible assets, which would necessarily

be sold piecemeal—at substantial discount—by a Chapter 7 Trustee unfamiliar with the Debtor's business.

26.     Moreover, this Case has been pending since October 2, 2023. At this stage in the proceedings, the estate has borne substantial expenses. Conversion to Chapter 7 would only add further administrative costs—including appointment and compensation of a Chapter 7 Trustee—while simultaneously eroding any going-concern value of the Debtor's business, customer relationships, and workforce. The Debtor's ability to continue as a going concern is highly dependent on the continued operation of the business, and the Debtor's primary intangible asset is its customer relationships. A Chapter 7 liquidation would extinguish those relationships and leave the estate with only the diminished value of equipment and other limited hard assets.

27.     As the Court recognized in the Bidding Procedures Order, the sale process was designed to maximize the value of the Assets for the benefit of the Debtor's estate. The Debtor has now completed that process, and the result is a purchase price that exceeds the Debtor's appraised going-concern value. There is no basis to believe that conversion could produce any better result.

### 4.     The Sale Satisfies Section 363(f) of the Bankruptcy Code

28.     The Debtor seeks authority to sell the Assets free and clear of all liens, claims, interests, and encumbrances (collectively, the "Interests"), pursuant to section 363(f) of the Bankruptcy Code. Section 363(f) provides for a sale "free and clear" of an entity's interest in property of the estate if: (1) applicable non-bankruptcy law permits sale free and clear of such interest; (2) such entity consents; (3) such

9

interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

29. Section 363(f) is stated in the disjunctive; therefore, it is only necessary to meet one of the five conditions. The Debtor submits that one or more of the conditions set forth in section 363(f) will be satisfied with respect to the Sale. Any holder of a claim against or interest in the Assets who does not object to the Sale will be deemed to have consented to the Sale of the Assets free and clear of its claim or interest. *See* 11 U.S.C. § 363(f)(2).

30. The Bidding Procedures Order provides that any party who fails to timely file a Sale Objection by the Sale Objection Deadline of May 4, 2026 shall be barred from asserting any objection to the Sale and shall be deemed to "consent" under § 363(f).

**5.     The Bidder is Entitled to the Protections of § 363(m)**

31. Section 363(m) of the Bankruptcy Code provides that the reversal or modification on appeal of an authorization under section 363(b) of a sale of property does not affect the validity of such sale to a buyer who bought such property in good faith.

32. The Debtor's marketing efforts and negotiations with interested parties have been undertaken at arm's-length and without collusion, with all parties being represented or having had the opportunity to be represented by their own counsel.

10

The Successful Bidder has been represented by independent counsel, Lacey S. Bryan, Esq. of Markus Williams LLC, throughout the sale process.

33.     The Debtor submits, and will demonstrate as needed at the Sale Hearing, that the Successful Bidder is a "good faith" buyer within the meaning of section 363(m) of the Bankruptcy Code. The Successful Bidder has certified that it has not engaged in any collusion that would be subject to section 363(n) of the Bankruptcy Code with respect to any Bids or the Sale.

### 6.     Assumption and Assignment of Contracts and Leases

34.     In connection with the Sale, the Debtor may assume and assign certain executory contracts and unexpired leases (the "Assigned Contracts") to the Successful Bidder pursuant to sections 365(a) and 365(f) of the Bankruptcy Code.

35.     Upon finding that a debtor has exercised its sound business judgment in determining to assume an executory contract, courts will approve the assumption under § 365(a). *See Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996).

36.     Under section 365(f)(2) of the Bankruptcy Code, if a party objects, a debtor may assign an executory contract or unexpired lease if "adequate assurance of future performance by the assignee of such contract or lease is provided." 11 U.S.C. § 365(f)(2).

37.     The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case and should be given "practical, pragmatic construction." *See In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988).

38.     The Debtor is presently finalizing the list of applicable customer contracts and gathering complete and accurate contact information for all counterparties, and working with the Successful Bidder regarding which executory contracts and unexpired leases will ultimately be assumed and assigned at closing.

39.     The Debtor anticipates filing and serving the Assumption and Assignment Notice in advance of the Sale closing, with an opportunity for objections. At the Sale Hearing, to the extent necessary, the Debtor will be prepared to proffer testimony or present evidence to demonstrate the ability of the Successful Bidder to perform under any Assigned Contracts.

### 7.     Waiver of Stay Under Rules 6004(h) and 6006(d)

40.     The Debtor requests that the Sale Order be effective immediately upon entry, with a waiver of the fourteen-day stays under Bankruptcy Rules 6004(h) and 6006(d). The stay may be waived to allow a sale to close immediately "where there has been no objection to the procedure." *See* 10 Collier on Bankruptcy ¶ 6004.11 (16th ed. 2016). Given the time pressures in this Case, including the agreed framework with the Committee requiring closing expeditiously, immediate effectiveness of the Sale Order is necessary and appropriate.

### VIII. Sale Hearing and Objection Deadline

41.     Pursuant to the Bidding Procedures Order, the Sale Objection Deadline is **May 4, 2026**. All objections to the Sale must be in writing, comply with the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and all orders of this Court, state with particularity the legal and factual basis for the objection and the

specific grounds therefor, and be filed with the Court on or before the Sale Objection Deadline.

42.     The Debtor requests that the Court schedule the Sale Hearing, if necessary, at the earliest available date following the Sale Objection Deadline.

## IX. Conclusion

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Sale Order: (a) authorizing and approving the Sale of substantially all of the Debtor's Assets to Elevated Landscape Group LLC, free and clear of all liens, claims, encumbrances, and interests pursuant to section 363(f) of the Bankruptcy Code; (b) approving the Asset Purchase Agreement between the Debtor and Elevated Landscape Group LLC; (c) authorizing the assumption and assignment of the Assigned Contracts to the Successful Bidder; (d) finding that the Successful Bidder is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code; (e) waiving the fourteen-day stay under Bankruptcy Rules 6004(h) and 6006(d); and (f) granting such other and further relief as the Court deems just and proper.

Dated: April 21, 2026.

Respectfully submitted,

*/s/ Jeffrey A. Weinman*
Jeffrey A. Weinman, #7605
MICHAEL BEST & FRIEDRICH LLP

13

675 15th Street, Suite 2000
Denver, CO 80202
T: 720.240.9515
jeffrey.weinman@michaelbest.com


*/s/ Justin M. Mertz*
Justin M. Mertz
MICHAEL BEST & FRIEDRICH LLP

790 N. Water Street, Suite 2500
Milwaukee, WI 53202
T: 414.225.4972
jmmertz@michaelbest.com

*Counsel for Debtor-In-Possession,*
*Nu Style Landscape & Development, LLC*

14